1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF ARIZONA

8
9

Demetrius A. Wilson,                          )    No. CV 03-237-TUC-FRZ
                                              )
10            Petitioner,                     )    **ORDER**
                                              )
11   vs.                                      )
                                              )
12                                            )
     Dora B. Schriro, et al.,                 )
13                                            )
              Respondents.                    )
14                                            )
                                              )
15   _____      )

16      Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to

17   28 U.S.C. §2254.  As discussed below, Petitioner has presented the Court with a "mixed

18   petition," and in light of recent case law, additional information is required to properly

19   proceed in this case.

20   **I. DISCUSSION**

21          As stated by the Arizona Court of Appeals:

22                  . . . Demetrius Wilson was charged with two counts of second-degree
             burglary, two counts of theft of property valued between $250 and $1000,
23           criminal trespass, resisting arrest, and aggravated assault of a peace officer.
             After a jury trial, he was convicted of all but the aggravated assault charge.  He
24           was sentenced to concurrent prison terms, the longest of which was eight
             years.
25
     *See* Respondents' Ex. F at 1-2 (12/24/03 Arizona Court of Appeals Decision); 28 U.S.C.
26
     §2254(e)(1)("In a proceeding instituted by an application for a writ of habeas corpus by a
27
     person in custody pursuant to the judgment of a State court, a determination of a factual issue
28

1    made by a State court shall be presumed to be correct. The applicant shall have the burden

2    of rebutting the presumption of correctness by clear and convincing evidence."); *Wainwright*

3    *v. Witt*, 469 U.S. 412, 426 (1985)(state court's findings are entitled to a presumption of

4    correctness).

5    On direct appeal to the Arizona Court of Appeals, Petitioner asserted only two claims:

6    (1) violation of his right to a speedy trial[1] as guaranteed under both state and federal law; and

7    (2) violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) because a judge, rather than

8    a jury, determined his prior convictions for purposes of sentence enhancement.  *See*

9    Respondents' Ex. F and E.  The Arizona Court of Appeals rejected both of these claims.  *See*

10   Respondents' Ex. F.  As to *Apprendi*, the court rejected this claim as *Apprendi* explicitly held

11   that the trial court (not the jury) is permitted to determine and consider prior convictions for

12   purposes of sentence enhancement.  *See id.* at 5.  As to the speedy trial claim, the court found

13   that nearly all of the delay in the case was primarily caused by Petitioner, including the fact

14   that the trial court was forced to appoint 5 separate attorneys for Petitioner prior to trial, and

15   that Petitioner failed to cooperate with court appointed psychiatrists seeking to evaluate his

16   mental capacity; the court also found that Petitioner failed to show any prejudice from the

17   delay in the case.  *See id.* at 3-5.

18   In conjunction with his direct appeal, Petitioner filed a simultaneous pro se Notice of

19   Post-Conviction Relief with the trial court pursuant to Rule 32, Ariz. R. Crim. P.  As both

20   the direct appeal discussed  above and the Rule 32 petition were pending at the same time,

21   the trial court stayed the Rule 32 proceedings pending the exhaustion of Petitioner's direct

22   appeal.  *See* Respondents' Ex. C and D.  As such, no supporting memorandum of law in

23   support of the petition was filed and no evidentiary proceedings were pursued.  To this date,

24   a review of the record reflects that the stay pertaining to the Rule 32 proceedings has never

25   been lifted, and therefore the Rule 32 proceedings are still available in state court.

26

27   [1]Petitioner previously filed a special action prior to his trial seeking dismissal in violation
of speedy trial rights; jurisdiction of the special action was not accepted by the Arizona appellate

28   courts.

1       In Petitioner's current habeas petition, he asserts four grounds for relief: (1) violations

2 of his speedy trial rights; (2) "Six[th] Amendment, Attorney/client Privilege, Ineffective

3 Assistance. Confidentiality of Information"; (3) "5th Amendment-Self Incrimination"; (4) "5th

4 and 14th Amendment , Due Process."  *See* Petition at 5-8.  As discussed above and as a

5 review of the record reflects, Petitioner has only exhausted ground 1 of his federal habeas

6 petition,[2] but he has failed to exhaust grounds 2, 3, and 4; as such, it is a "mixed petition"

7 containing both exhausted and unexhausted claims that requires further information from the

8 parties to properly proceed in this case.  *See Rhines v. Weber*, 544 U.S. 269 (2005); *Jackson*

9 *v. Roe*, 425 F.3d 654 (9th Cir. 2005); *Jefferson v. Budge*, 419 F.3d 1013 (9th Cir. 2005).  A

10 federal court can not grant habeas relief based on a mixed petition, and such petitions are

11 dismissed without prejudice.  *See id.*  However, before any such action occurs, the Court

12 must present Petitioner with some options as to how he wishes to proceed in the case.  *See*

13 *id.*  In light of recent cases, from Petitioner's perspective, two potential ways to proceed in

14 this federal habeas case include:[3]

15 **(OPTION 1)**: Petitioner has the option of seeking an Order staying this §2254 habeas case

16 and holding  it in abeyance to allow him to return to state court to exhaust his unexhausted

17 claims.  However, the United States Supreme Court has held that stay-and-abeyance in §2254

18 cases is only permitted in narrow circumstances: "In making this determination, however, the

19 [Supreme] Court held that the stay-and-abeyance procedure must be applied consistently with

20 AEDPA's twin purposes: reduc[ing] delays in the execution of state and federal criminal

21 sentences and encouraging state petitioners to seek relief from state courts in the first

22 instance . . .  As a result, [the Supreme Court] cautioned, a stay-and-abeyance should be

23 available only in limited circumstances, and is appropriate only when the district court

24 determines that there was good cause for the failure to exhaust . . . Stays are also improper

25

26      [2]Respondents concede that Petitioner properly exhausted ground 1, and that no default

27 argument is applicable to that claim.

28      [3]*See id.*

when the unexhausted claims are plainly meritless or where the petitioner has engaged in abusive litigation tactics or intentional delay." *Jackson*, 425 F.3d at 660-661 (internal citations and quotation marks omitted)(quoting *Rhines*, 544 U.S. 269). If Petitioner wishes to pursue this possible option, he shall address these issues in a motion, and the motion shall be filed within 14 days of the filing date of this Order. Assuming, *arguendo*, that Petitioner pursues this option, he shall also alternatively address in the same motion the possibility that the Court would deny his motion for a stay-and-abeyance. Assuming this occurred, Plaintiff shall state whether he wishes to abandon/excise his unexhausted claims whereby the Court would proceed to rule on the amended petition containing the exhausted claim; alternatively, Petitioner could state that he will not abandon his unexhausted claims (even though the stay-and-abeyance was denied), and the Court would simply dismiss the entire §2254 habeas petition without prejudice. Petitioner may choose to forego the possible avenue discussed in this paragraph ("OPTION 1"), and simply proceed with OPTION 2.

**(OPTION 2)**: Petitioner has the option of simply abandoning his three unexhausted claims (without seeking a stay-and-abeyance), and proceeding with his exhausted claim. If Petitioner chooses this option, he shall amend his §2254 petition to include only his exhausted claim. Petitioner may submit an amended petition with only the exhausted claim, or he may ask the Court to strike/excise the three unexhausted claims in his petition such that only the exhausted claim remains for resolution. Thereafter, the Court will decide the one exhausted claim, and will issue an Order forthwith deciding the exhausted claim. If Petitioner chooses this option, Petitioner shall file a motion within 14 days of the filing date of this Order addressing this option.

As to Respondents, whatever option and corresponding motion Petitioner chooses, Respondents may file a response within 14 days of the filing date of Petitioner's motion. If the Respondents do not feel that a response is necessary, they shall immediately file a notice with the Court indicating that a response will not be filed.

Lastly, the Court notes that even in the case of a mixed petition, the Court may simply deny the entire petition on the merits without addressing exhaustion issues. *See Rhines*, 544

1   U.S. 269; *Jackson*, 425 F.3d 654; *Jefferson*, 419 F.3d 1013.  However, Respondents' Answer

2   to the petition never addressed the merits of Petitioner's claims.  In light of this Order, and

3   depending on the action taken by Petitioner, Respondents' may wish to address the merits of

4   Petitioner's claims.  They may do so in their responsive brief, or they may seek leave of court

5   to file a supplemental answer addressing the merits of Petitioner's claims.

6

7           DATED this 24th day of January, 2007.

8

9

10

11                                                            FRANK R. ZAPATA
                                                              United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28